Argued and submitted September 23, 2021, resubmitted January 25; decision of the Court of Appeals and judgment of circuit court affirmed March 22, 2022

STATE OF OREGON,
*Respondent on Review,*

*v.*

KEVIN CLIFFORD FORD, JR.,
*Petitioner on Review.*

(CC 17CR51634) (CA A170826) (SC S068434)

506 P3d 400

Defendant was charged with two counts of attempted aggravated murder for shooting at a vehicle with multiple occupants, none of whom died. Defendant demurred to the indictment, arguing that it did not properly charge the aggravating circumstance that there was "more than one murder victim in the same criminal episode" under ORS 163.095(1)(d) (2015). The trial court denied the demurrer, and the jury acquitted defendant on the attempted aggravated murder counts while convicting defendant of other offenses. On appeal, defendant argued that the denial of the demurrer was in error and caused him prejudice at trial. The Court of Appeals summarily affirmed. *Held*: For the reasons stated in *State v. Kyger*, 369 Or 363, 506 P3d 376 (2022), also decided today, defendant's argument is without merit.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

On review from the Court of Appeals.*

Jedediah Peterson, O'Connor Weber LLC, Portland, argued the cause and filed the brief for petitioner on review.

Susan G. Howe, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan, Nelson, Garrett, and DeHoog, Justices.**

GARRETT, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

_____

* On appeal from Multnomah County Circuit Court, Leslie M. Roberts, Judge.

** Nakamoto, J., retired December 31, 2021, and did not participate in the decision of this case.

**GARRETT, J.**

Defendant fired a gun at a vehicle with two occupants, neither of whom died. He was charged with, among other crimes, two counts of attempted aggravated murder under ORS 163.095(1)(d) (2015).[1] He unsuccessfully demurred to those counts of the indictment, arguing that the state had not charged a viable theory of attempted aggravated murder because the death of "more than one murder victim" in the same criminal episode is a circumstance element of the crime defined in ORS 163.095(1)(d), and because a circumstance element, unlike a conduct element, cannot be "attempted." At trial, defendant was acquitted of both counts of attempted aggravated murder but was convicted of other crimes.

On appeal, despite the acquittal, defendant nonetheless challenged the denial of his demurrer, arguing that that denial prejudiced him because it allowed for the admission of evidence relevant to the counts of attempted aggravated murder that may not have been admissible if trial had been limited to the other counts in the indictment. The Court of Appeals summarily affirmed based on its decision in *State v. Kyger*, 305 Or App 548, 471 P3d 764 (2020). This court allowed review of both cases.

On review, defendant's argument that the state failed to allege a viable theory of attempted aggravated murder presents the same issue decided this day in *State v. Kyger*, 369 Or 363, 506 P3d 376 (2022). For the reasons stated in *Kyger*, defendant's argument is without merit. Because the circuit court did not err in denying the demurrer, it is unnecessary to address defendant's remaining arguments concerning prejudice.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[1] The legislature amended ORS chapter 163 in 2019. Or Laws 2019, ch 635, § 1. In the amended 2019 statute, the "more than one murder victim" circumstance element was moved from the category of "aggravated murder" to that of "first-degree murder." *Id.* § 3. The text of that element otherwise remained the same. *Id.* Because the underlying events in this case occurred in 2017, all citations in this opinion are to the 2015 version of the statutes in ORS chapter 163.